BENEDICT AND ALTMAN
Philip Nettl Attorney ID # 026422004
247 Livingston Avenue
New Brunswick, New Jersey 08901
(732) 745-9000
Attorneys for Defendant
pnettl@benedictandaltman.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEITH McBRIDE,<br><br>Petitioner<br><br>(confined at East Jersey State Prison, Rahway, New Jersey, SBI NO. 200996C, Inmate No. 656170)<br><br>v.<br><br>VICTORIA L. KUHN, Acting Commissioner, NJ Department of Corrections,<br><br>Respondent;<br><br>and<br><br>MATTHEW J. PLATKIN, Attorney General, State of New Jersey;<br><br>Respondent | Case No. ___________<br><br>PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 |

**PETITION FOR A WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 U.S.C. § 2254**
**BY A PERSON IN STATE CUSTODY**

Petitioner Keith McBride, SBI # 200996C, Inmate No. 656170, by and through the law firm of Benedict and Altman, 247

Livingston Avenue, New Brunswick, New Jersey, 08901, attorneys for Petitioner, respectfully petitions this Honorable Court for a Writ of Habeas Corpus, on the grounds that he is being unlawfully imprisoned at East Jersey State Prison, Rahway, New Jersey, as the result of convictions obtained in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

1. Petitioner was convicted in the Superior Court of New Jersey, Law Division, Criminal Part, Middlesex County, located in New Brunswick, New Jersey. He was sentenced two separate indictments, Ind. No. 09-12-2112-I, and Ind. No. 07-01-159-I.

2. Judgments of conviction were entered by Hon. Bradley Ferencz, J.S.C., on April 20, 2010. After a remand from his direct appeal, he was resentenced on June 17, 2013, and the Judgments of Conviction were re-entered that same date.

3. Petitioner was sentenced to an aggregate sentence of 50 years in State Prison, with 40 years parole ineligibility. This included a sentence of 30 years State Prison, with 30 years parole ineligibility, on Ind. No. 09-12-2112-I, consecutive to a sentence of 20 years State Prison, with 10 years of parole ineligibility, on Ind. No. 07-01-159-I.

4. Petitioner was convicted of more than one crime.

5. Petitioner was convicted of the following on each Indictment:

a. Ind. No. 09-12-2112-I

1) Conspiracy to Commit Robbery, N.J.S.A. 2C:5-2 and 2C:15-1;

2) Robbery, N.J.S.A. 2C:15-1;

3) Theft of a motor vehicle, N.J.S.A. 2C:20-3;

4) Felony Murder, N.J.S.A. 2C:11-3a(3);

5) Possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4a;

6) Unlawful Possession of a Firearm, N.J.S.A. 2C:39- 5b;

7) Hindering Apprehension, N.J.S.A. 2C:29-3a(3);

8) Hindering Apprehension, N.J.S.A. 2C:29-3a(3);

9) Disturbing Human Remains, N.J.S.A. 2C:22-1b.

b. Ind. No. 07-01-159-I.

1) Certain Persons Not to Have Weapons, N.J.S.A. 2C:39-7b.

6. Petitioner pled Not Guilty to all charges and was afforded a jury trial.

7. Petitioner did not testify at the trial or any pretrial hearing.

8. Petitioner appealed the judgments of conviction for both indictments.

9. In that direct appeal, Petitioner raised the following grounds:

POINT I: THE PROSECUTOR'S SUMMATION EXCEEDED THE BOUNDS OF PROPRIETY (NOT RAISED BELOW).

POINT II: THE TRIAL COURT ERRED IN DENYING DEFENSE COUNSEL'S MOTION FOR A NEW TRIAL ARISING OUT OF THE VERDICT SHEET ORIGINALLY GIVEN TO THE JURY WHICH OMITTED A REQUISITE ELEMENT OF COUNT IV (ARMED ROBBERY) AND WHICH WAS NOT CORRECTED UNTIL THE JURY HAD ENGAGED IN DELIBERATIONS FOR A SIGNIFICANT PERIOD OF TIME.

POINT III: THE DEFENDANT WAS DENIED HIS RIGHT TO A FAIR TRIAL REGARDING INDICTMENT NO. 07-01-00159-I (POSSESSION OF A WEAPON BY A CONVICTED FELON) WHEN, DESPITE DEFENSE COUNSEL'S STIPULATION THE DEFENDANT HAD PREVIOUSLY BEEN CONVICTED OF A PREDICATE OFFENSE, THE PROSECUTOR ESSENTIALLY INFORMED THE JURY HE HAD PREVIOUSLY BEEN CONVICTED OF MULTIPLE PRIOR OFFENSES.

POINT IV: THE TRIAL COURT ERRED BY FAILING TO MERGE COUNT III CHARGING CONSPIRACY TO COMMIT ROBBERY INTO COUNT IV CHARGING ROBBERY (NOT RAISED BELOW).

POINT V: THE SENTENCE IMPOSED WAS MANIFESTLY EXCESSIVE.

A. THE TRIAL COURT ERRED BY IMPOSING A DISCRETIONARY EXTENDED TERM ON INDICTMENT NO. 07-01-00159-I (POSSESSION OF A WEAPON BY A CONVICTED FELON) OR, ALTERNATIVELY, BY IMPOSING THE MAXIMUM POSSIBLE EXTENDED [TWENTY-]YEAR TERM WITH THE MAXIMUM POSSIBLE [TEN-]YEAR PAROLE DISQUALIFIER IN CONJUNCTION THEREWITH.

B. THE TRIAL COURT ABUSED ITS SENTENCING DISCRETION BY REQUIRING THE [TWENTY-]YEAR TERM WITH THE [TEN-]YEAR PAROLE DISQUALIFIER IMPOSED ON THE DEFENDANT'S CONVICTION FOR POSSESSION OF A WEAPON BY A CONVICTED FELON BE CONSECUTIVE TO THE [THIRTY-]YEAR TERM WITH THE [THIRTY-]YEAR

PAROLE DISQUALIFIER IMPOSED ON THE FELONY MURDER CONVICTION.

In his pro-se supplemental letter brief, defendant raised the additional point:

POINT I: THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY CONSTRUCTIVELY AMENDING THE INDICTMENT AFTER THE DEFENSE RESTED BY ALLOWING THE JURY TO CONVICT THE DEFENDANT OF FELONY MURDER IF ONE OF HIS CO-DEFENDANTS ACTUALLY CAUSED THE DEATH OF THE VICTIM, WHEN THE INDICTMENT AND VERDICT SHEET EXPRESSLY LIMITED DEFENDANT'S FELONY MURDER CULPABILITY TO ACTS OF HIS OWN HAND, THEREBY VIOLATING DEFENDANT'S RIGHT TO A FAIR TRAIL AND DUE PROCESS OF LAW IN VIOLATING DEFENDANT'S RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW IN VIOLATION [OF] THE [U.S. CONST. amends.] V, VI[,] XIV[,] AND THE [N.J. CONST.] (1947), ART. 1[, ¶] 10.

The appeals were heard by the Superior Court of New Jersey, Appellate Division. In an unpublished decision, dated October 23, 2012, the convictions were affirmed, but remanded for resentencing. Review of the Appellate Division decision was sought in the Supreme Court of New Jersey. The Petition for Certification raised the same grounds as in the appeal. The New Jersey Supreme Court denied certification on May 13, 2013. No Petition for Certiorari was filed with the United States Supreme Court.

On June 17, 2013, on remand from the Appellate Division, the trial court imposed the same sentence as it had in 2010.

Petitioner timely appealed the sentence.

The sentence was affirmed by the Appellate Division on September 28, 2015. Defendant filed a Petition for Certification to the New Jersey Supreme Court. The Supreme Court denied Certification of the direct appeal on January 20, 2017.

10. While the direct appeal of the sentence was pending, Petitioner also filed a Petition for Post-Conviction Relief ("PCR") in State court.

11. On September 3, 2013, the trial court dismissed the PCR petition without prejudice, because it was not yet ripe for adjudication due to the active direct appeal. Defendant re-filed the PCR in Middlesex County Superior Court on October 11, 2016 (after the second direct appeal was decided, but before the corresponding Petition for Certification was denied).

The *Pro Se* PCR petition raised the following grounds for relief:

> POINT I: DEFENDANT KEITH MCBRIDE IS ACTUALLY INNOCENT OF CONSPIRACY TO COMMIT ARMED ROBBERY, ARMED ROBBERY AND FELONY MURDER, AND THE CONVICTIONS ON THESE CHARGES WERE AGAINST THE WEIGHT OF THE EVIDENCE, WHICH VIOLATED DEFENDANT'S RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

> POINT II: DEFENDANT KEITH MCBRIDE WAS DENIED HIS RIGHT TO CONFRONT WITNESSES AGAINST HIM WHEN THE STATE PRESENTED DNA REPORTS AT TRIAL, BUT FAILED TO PRODUCE THE FORENSIC TECHNICIAN THAT PERFORMED THE TEST IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION ANO ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION.

POINT III: THE TRIAL COURT'S INSTRUCTION ON ARMED ROBBERY WAS FATALLY FLAWED WHEN THE COURT TWICE GAVE IMPROPER INSTRUCTION ON WHAT CONSTITUTES ARMED ROBBERY, THEREBY DEPRIVING DEFENDANT KEITH MCBRIDE OF A FAIR TRIAL AND DUE PROCESS OF LAW CONTRARY TO THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION.

POINT IV: THE DEFENDANT KEITH MCBRIDE WAS 'DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSELS, DUE PROCESS OF LAW AND THE RIGHT TO A FAIR TRIAL AS GUARANTEED BY ~BE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION.

POINT V: DEFENDANT SHOULD RECEIVE AN EVIDENTIARY HEARING ON THIS MATTER.

Assigned PCR counsel added the following arguments:

POINT I: THE PETITIONER'S MOTION FOR POST-CONVICTION RELIEF SHOULD NOT BE BARRED BY PROCEDURAL CONSIDERATIONS AS PETITIONER WAS WRONGLY ADVISED BY THE COURT, RESULTING IN EXCUSABLE NEGLECT, AND TO FIND OTHERWISE WOULD RESULT IN A TRUE INJUSTICE, IN VIOLATION OF PETITIONER' S CONSTITUTIONAI RIGHTS. U.S. CONST. AMENDS. VI, XIV; N.J. CONST. (1947), ART. I, PARAS. 1 & 10.

POINT II: PETITIONER HAS PRESENTED A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL, MATERIAL ISSUES OF DISPUTED FACT LIE OUTSIDE THE RECORD, AND RESOLUTION OF THE ISSUES NECESSITATES AN EVIDENTIARY HEARING PURSUANT To R. 3:22-10(b)

A. Petitioner's Claims Involving the Incorrect Verdict Sheet.

B. Petitioner's Claims Involving the DNA Expert.

The PCR petition was heard on January 18, 2018, by the Honorable Alberto Rivas, J.S.C., who denied the petition without an evidentiary hearing.

Petitioner appealed Judge Rivas' decision to the New Jersey Superior Court, Appellate Division. The arguments were reframed into the following Points:

Point I: Defendant should have been entitled to Post-Conviction Relief after receiving ineffective assistance of counsel at trial and on direct appeal, in violation of his rights under the Sixth Amendment to the United States Constitution, and Article I, paragraph 10 of the New Jersey Constitution.

A. Trial and Appellate Counsel's failure to argue for a judgment of Acquittal on Counts 4 and 7 (Robbery and Felony Murder), deprived Defendant of the effective assistance of counsel

B. Trial and Appellate Counsel's failure to object to the numerous deficiencies in the jury charge and verdict sheet, or to argue that they constituted plain error, deprived Defendant of the effective assistance of counsel

C. Trial and Appellate Counsel's failure to request a special verdict regarding the object of the alleged theft that predicated the robbery charge, deprived Defendant of the effective assistance of counsel.

D. Trial and Appellate counsel's failure to object to Dolores Coniglio's testimony about the hearsay report of Julie Weldon, which violated Defendant's right to Confrontation under the Sixth Amendment to the United States Constitution, was ineffective assistance of counsel

Point II: Defendant was entitled to an evidentiary hearing on his Petition, because he raised prima facie claims warranting PCR relief.

Point III: Defendant's claims are not

procedurally barred.

The decision was affirmed by the Appellate Division on October 1, 2020, in an unpublished decision. Certification was timely sought in the Supreme Court of New Jersey. Certification was denied on May 11, 2021. Petitioner did not petition the United States Supreme Court for Certiorari.

12. Petitioner now seeks relief from this Court, and submits that he is being held unlawfully. He asserts the following grounds for relief:

**GROUND I: Petitioner was denied effective assistance of counsel in the Trial Court and on Direct Appeal, in violation of Petitioner's right to counsel under the Sixth Amendment and Fourteenth Amendments to the United States Constitution.**

Supporting Facts:

A. Trial Counsel failed to argue for a judgment of Acquittal on Counts 4 and 7 (Robbery and Felony Murder), depriving Defendant of the effective assistance of counsel. Such a motion would have been meritorious, based on the lack of any evidence supporting the inference that Petitioner had a purpose to commit a theft or robbery of the victim.

B. Trial Counsel failed to object to the numerous deficiencies in the jury charge and verdict sheet, or to argue that they constituted plain error, depriving Defendant of the effective assistance of counsel. The verdict sheet was presented to the jury missing the crucial element of Robbery, the purpose to commit a theft. Although that error was later corrected after deliberations began, the error was not harmless.

C. Trial Counsel failed to request a special verdict regarding the object of the alleged theft that predicated the robbery charge, depriving Defendant of the effective assistance of counsel. The State argued that Petitioner sought to steal the victim's vehicle, or alternatively his personal property. But the jury was not asked which one, and their verdicts on the individual theft counts indicate a lack of unanimity.

D. Trial counsel's failure to object to Dolores Coniglio's testimony about the hearsay report of Julie Weldon, which violated Defendant's right to Confrontation under the Sixth Amendment to the United States Constitution, was ineffective assistance of counsel. The State introduced DNA analysis through the testimony of Dolores Coniglio, who was reporting the hearsay conclusions of Julie Weldon, who did not testify. This violated Petitioner's rights as determined by Bullcoming v. New Mexico, 564 U.S. 647 (2011), where the Court ruled that where certificates of analysis are admitted into evidence, the Sixth Amendment is violated by introducing them through the testimony of a "surrogate" who had no connection to the analysis.

Ground I and its subparts was not raised in Petitioner's direct appeal, because of the ineffective assistance of appellate counsel, and because ineffective assistance of trial counsel claims requiring evidence outside the trial record are not ripe for direct appeal.

Ground I and its subparts were all raised in Petitioner's PCR petition in State court.

**GROUND II: Petitioner's conviction was obtained using evidence that violated Petitioner's right to confront witnesses, in violation of the Sixth and Fourteenth Amendments to the United States Constitution.**

Supporting Facts:

*See Point I.A.*

Ground II was not raised in Petitioner's direct appeal, because of the ineffective assistance of appellate counsel,

and because ineffective assistance of trial counsel claims requiring evidence outside the trial record are not ripe for direct appeal.

Ground II was raised in Petitioner's PCR petition in State court.

**GROUND III: Petitioner's conviction was obtained by denying the defendant due process of law under the Fourteenth Amendment.**

Supporting Facts:

*See Point I.D.*

Ground III was not raised in Petitioner's direct appeal, because of the ineffective assistance of appellate counsel, and because ineffective assistance of trial counsel claims requiring evidence outside the trial record are not ripe for direct appeal.

Ground III was raised in Petitioner's PCR petition in State court.

13. All grounds being raised were previously raised in State Court proceedings.

14. No previous motions or petitions have been filed in federal court regarding this matter.

15. No petition or appeal is currently pending in this matter in State or Federal Court.

16. The following attorneys have represented Petitioner:

a) Preliminary hearing – (N/A)

b) Arraignment and plea – (unknown)

c) Trial

Lawrence West, Esq. (now deceased)

d) Direct Appeal

William Welaj, Esq.
21 N. Bridge Street
P.O. Box 962
Somerville, New Jersey 08876

e) Post Conviction Relief proceedings

Amira Scurato, Esq. (Brief)
P.O. Box 2311
Princeton, New Jersey 08543-2311

Antonio Toto, Esq. (Oral argument)
106 Main Street
South River, New Jersey 08882

Philip Nettl, Esq. (Appeal)
247 Livingston Avenue
New Brunswick, New Jersey 08901

17. Petitioner does not have any future sentence to serve after he completes the sentence imposed by the judgment under attack.

18. The conviction became final on or about April 20, 2017, upon the expiration of the time to file a Petition for Certiorari to the United States Supreme Court after the New Jersey Supreme Court denied certification on Petitioner’s direct appeal on January 20, 2017. The Petition is timely under 28 U.S.C. § 2244(d), because Petitioner had already filed a timely PCR petition prior to the conviction being final (and even before Certification was denied), so the AEDPA time limitations were tolled until the Petition of Certification was denied regarding the PCR petition, which was on May 11, 2021.

**WHEREFORE**, Petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding, including vacating his convictions and directing the State of New Jersey to enter Judgments of Acquittal.

4/7/22
Date

PHILIP NETTL
Attorney for Petitioner
NJ Attorney No. 026422004

I declare under penalty of perjury that the foregoing is true and correct, and that I have directed my attorney to file the Petition on the date indicated below.

KEITH McBRIDE
Petitioner

4/5/22
Date